IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-00307-RJC-DCK

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| KEYSHAWN DARREN CROWDER | ) |
| | ) |

**THIS MATTER** comes before the Court on the pro se filing of Horace Lamont Duffie (Petitioner), (Doc. No. 20), regarding a firearm, magazine, and ammunition, which the Government moves to dismiss, (Doc. No. 22), pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) and 21 U.S.C. § 853(n)(3).

A person asserting a legal interest in property forfeited to the United States in a criminal case may petition a court for a hearing to determine the validity of the alleged interest within thirty days of receiving notice of forfeiture. 21 U.S.C. § 853(n)(2). Such petition must be signed under penalty of perjury and state the nature and extent of the property interest; the time and circumstances of the acquisition of the interest; and any additional facts supporting the claim. 21 U.S.C. § 853(n)(3). A claimant is required to adhere strictly to these filing requirements to establish standing to litigate an alleged interest in forfeited property. United States v. Loria, 2009 WL 3103771, *2 (W.D.N.C. Sept. 21, 2009) (dismissing untimely and unsworn petition; collecting cases). On motion, a court may dismiss a petition for lack of standing, taking the facts forth in the petition as true. Fed. R. Crim. P. 32.2(c)(1)(A).

Here, the Court entered a Consent Order and Judgment of Forfeiture on March 27, 2019, listing a Glock, Model 27, .40 caliber pistol, extended magazines, and ammunition the Defendant possessed as a convicted felon. (Doc. No. 18). The Government sent notice of the Order to

Petitioner on April 4, 2019, with directions about how to submit a claim. (Doc. No. 21: Notice of Service; Doc. No. 22-1: Notice). On April 9, 2019, Petitioner filed a pleading simply describing the pistol, extended magazine, and ammunition. (Doc. No. 20). The Government argues that the Court should dismiss the petition because it was not signed under penalty of perjury. (Doc. No. 22: Motion at 2). Additionally, the petition fails to state the required details about his interest in the firearm, such as when it was acquired, or any facts supporting his claim. Petitioner has not responded to the government's Motion to Dismiss or moved to amend his petition to meet the statutory requirements. Accordingly, the Court finds he does not have standing to pursue his claim.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss, (Doc. No. 22), is **GRANTED** and Petitioner's Claim, (Doc. No. 20), is **DISMISSED**.

Signed: May 22, 2019

Robert J. Conrad, Jr.
United States District Judge